IN RE BENKER ESTATE

Docket No. 43369. Submitted December 17, 1979, at Detroit.—Decided June 3, 1980.

Charles Benker died intestate leaving a daughter by a previous marriage, Ruth Counts, and his wife of 13 years, Elizabeth Benker. Prior to the marriage Charles and Elizabeth Benker executed an antenuptial agreement whereby each waived any and all rights to inheritance from the other. Ruth Counts, as administratrix of the estate, petitioned the Wayne Probate Court to determine the validity of the agreement and instruct her as to the disposition of the estate. The court, Joseph J. Pernick, J., held the agreement invalid. Ruth Counts appealed and the Wayne Circuit Court, John M. Wise, J., affirmed. Ruth Counts appeals by leave granted. *Held:*

Antenuptial agreements are, by statute, presumptively valid, and a person seeking to avoid the agreement claiming fraud or nondisclosure has the burden of proving such fraud or nondisclosure. The trial court erred in not placing on Mrs. Benker the burden of proving nondisclosure prior to the execution of the agreement.

Reversed and remanded.

HUSBAND AND WIFE — ANTENUPTIAL AGREEMENTS — STATUTES — BURDEN OF PROOF.

Antenuptial agreements are, by statute, presumptively valid, and a person seeking to avoid the agreement claiming fraud or nondisclosure has the burden of proving such fraud or nondisclosure (MCL 557.5; MSA 26.164).

*Faintuck, Shwedel, Wolfram, McDonald & Zipser,* for plaintiff.

*Leib & Leib,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
[1] 41 Am Jur 2d, Husband and Wife §§ 313, 314.

Before: D. C. RILEY, P.J., and R. B. BURNS and
D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Charles Benker died
intestate on December 15, 1976, at the age of 84
years. He left as sole heirs his wife of 13 years,
Elizabeth Benker, and his daughter by a previous
marriage, Ruth Counts. Prior to their marriage
Mr. and Mrs. Benker executed an antenuptial
agreement by which each waived any and all
rights to inheritance from the other. Mrs. Benker
now contends that the agreement was void because
the extent of her former husband's estate had not
been revealed to her. Ruth Counts appeals by
leave a Wayne County Circuit Court order affirm-
ing the probate court order which invalidated the
antenuptial agreement.

It is plaintiff's contention that the trial court
erred by not correctly allocating the burden of
proof to the party seeking to invalidate the ante-
nuptial contract. We agree. The presumptive valid-
ity of antenuptial agreements is authorized by
statute. MCL 557.5; MSA 26.164 provides: "All
contracts made between persons in contemplation
of marriage, shall remain in full force after mar-
riage takes place".

MCL 700.291; MSA 27.5291 (Revised Probate
Code) provides:

"The rights of the surviving spouse to an estate and
to dower, homestead allowance, election, exempt prop-
erty, and family allowance or any of them, may be
waived, wholly or partially, before or after marriage, by
a written contract, agreement, or waiver signed by the
party waiving after fair disclosure. Unless it provides to
the contrary, a waiver of 'all rights' in the property or
estate of a present or prospective spouse or a complete
property settlement entered into after or in anticipation
of separate maintenance or divorce is a waiver of all

rights to dower, homestead allowance, election, exempt property, and family allowance by each spouse in the property of the other and an irrevocable renunciation by each of all benefits which would otherwise pass to him from the other by intestate succession or by virtue of the provisions of any will executed before the waiver or property settlement."

The above-quoted language requires a fair disclosure; however, it does not place the burden of proof on the party claiming nondisclosure. In determining the proper allocation of the burden of proof, we must go to existing case law. There is Michigan precedent which holds that the burden of proof should be allocated to the party claiming invalidity of the agreement based on nondisclosure. In *Richard v Detroit Trust Co,* 269 Mich 411, 416; 257 NW 725 (1934), it was held:

"A consideration of these authorities shows that the law of this State recognizes the existence of a confidential relationship requiring good faith, fair dealings, and open disclosure, but places upon the party charging fraud and a breach of confidence the burden of proof."

The *Richard* Court made a distinction between fraud and nondisclosure; however, it is clear from the above-quoted language that the Court intended the burden of proof to be imposed upon the party claiming invalidity, whether under terms of "fraud" or "nondisclosure". The terms fraud, nondisclosure, breach of confidence and misrepresentation are often used interchangeably. Nondisclosure is a failure to reveal facts and may be considered a form of fraud where there is a duty to reveal such facts. Fraud is defined as a false representation of a matter of fact, whether by words or by conduct, by false or misleading allocations, or by concealment of that which should have been disclosed,

which deceives and is intended to deceive another so that he shall act upon it to his legal injury. Black's Law Dictionary (4th ed, 1968). Fraud includes acts, omissions and concealments involving a breach of legal or equitable duty, trust or confidence which cause injury to another or by which an undue and unconscientious advantage is taken of another. 1 Story, Equity Jurisdiction, § 267, pp 264-265.

There are some facts which might tend to support the widow's allegation of nondisclosure. However, under *Richard, supra,* as she is the party asserting nondisclosure, it is incumbent upon her to carry the burden of proof.

Resolution of the foregoing being dispositive, it is unnecessary for us to comment on appellant's remaining allegations of error.

Reversed and remanded.